UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CARLOS ARTURO VASQUEZ-
MALDONADO,

Petitioner,

v.

J. SALAZAR, Warden,

Respondent.

Case No. 3:19-cv-00075-AA

OPINION AND ORDER

AIKEN, District Judge:

Petitioner, an inmate at the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan), brings a federal habeas petition pursuant to 28 U.S.C. § 2241. Petitioner alleges that the Bureau of Prisons (BOP) violated his rights to due process when he was found guilty of disciplinary violations. For the reasons explained below, the petition is denied.

BACKGROUND

On November 25, 2017, FCI Sheridan Officer Blasch searched the cell occupied by petitioner and his cellmate. Officer Blasch found "a detergent box containing several pens, pencils and various papers" and opened one of the pens. Cortez Decl. Att. 1 at 7 (ECF No. 15).

He noticed that the ink rod was an "odd color and appeared to be filled with something other than ink." *Id.* Officer Blasch confiscated the pen and forwarded it for testing.

On November 26, 2017, a BOP technician, Prock, tested the substance found in the pen to detect the presence of drugs, using a "NIK test kit A." *Id.* Att. 1 at 5. The substance tested positive for Amphetamine type compounds, reflected by an orange or brown color. Prock conducted a second test with "kit U," which resulted in a positive test for Amphetamines, reflected by a burgundy color. *Id.*

On November 26, 2017, Prock issued an incident report charging petitioner with a violation of Code 113, "Possession of Narcotics." *Id.* Petitioner received a copy of the incident report on the same day and declined to make a statement. Cortez Decl. Att. 1 at 6.

On November 28, 2017, the Unit Disciplinary Committee (UDC) considered the charges and referred them to the Disciplinary Hearing Office (DHO) for consideration. *See id.* Att. 1 at 5. Petitioner received and signed a notice of rights before the DHO. *See id.* Att. 1 at 9. Petitioner did not request a staff representative at that time and indicated he would not call any witnesses. *Id.* Att. 1 at 10.

On December 5, 2017, petitioner requested that Maintenance Worker Foreman C. Toombs act as his staff representative. *See id.* Att. 1 at 2. Toombs agreed and was duly appointed. Cortez Decl. Att. 1 at 8.

On December 5, 2017, a disciplinary hearing was conducted before DHO Cortez. *See* Cortez Decl. ¶ 4 & Att. 1 at 1-3. Prior to commencing the hearing, DHO Cortez allowed petitioner and Toombs to consult and determine whether they were ready to proceed. *See id.* ¶ 5. Petitioner indicated he was prepared to proceed. *Id.*

DHO Cortez advised petitioner of his rights and confirmed that petitioner had received a copy of the incident report and did not wish to call any witnesses. *See id.* Att. 1 at 2. Petitioner indicated that he understood his rights. *See id.*

Petitioner denied the charge and made the following statement: "I was not in possession of that pen. There was a lot of pens in there. I would like SIS to test that again." *Id.* Att. 1 at 1, 3. Toombs also stated, "I would be interested in seeing if another random test would test positive as well, just to rule out the possibility of it being the same. He hasn't had any issues in his past except for about four years ago." *Id.* Att. 1 at 1.

DHO Cortez determined sufficient evidence supported the charge, based on the reports and statements of Blasch and Prock. Cortez Decl. ¶ 8. Nonetheless, DHO Cortez deferred his decision and requested additional testing and testimony. *Id.* Specifically, DHO Cortez asked Prock to obtain a pen identical to the one in which the drugs were found, test the ink cartridge from that pen, and submit testimony regarding whether it generated a false positive for amphetamines. *Id.*

On December 7, 2017, Prock submitted a memorandum to the DHO with the following statements:

> I also tested an ink [cartridge] that was brand new, that was the same brand and color as the ink that was found in cell 205 unit 1A. It was found that the liquid in the [cartridge] was a different (sic). The liquid in the [cartridge] that was recovered from the cell was not as thick as the new pen [cartridge]. I tested the liquid the same way I tested the liquid that was recovered from cell 205 unit 1A. The test result from NIK Test kit "A" was negative for amphetamine type compounds. By testing the liquid from a brand new pen I was able to rule out that the test was a false positive, and also comparing the liquids from the ink [cartridge] found and the brand new one, I found that the liquid inside did not match as it should have being that the [cartridges] were the same brand and color.

*Id.* Att. 1 at 16.

On December 7, 2017, DHO Cortez considered the results of the additional conducted by Prock and found that petitioner violated Code 113. DHO Cortez sanctioned petitioner with 41 days loss of good conduct credit, twenty-one days of disciplinary segregation, one-year loss of visiting privileges, one year of visiting restrictions, and a $100 fine. *Id.* ¶ 12 & Att. 1 at 3.

## DISCUSSION

Petitioner maintains that the disciplinary hearing violated his procedural due process rights because he was not given adequate notice of the charges against him, he was not allowed a representative, the DHO was biased, and the DHO's findings were not supported by the evidence.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Instead, due process requirements are met if the inmate receives: 1) advance written notice of the charges and the evidence against him; 2) an opportunity to present documentary evidence and witnesses; 3) legal assistance if the charges are complex or the inmate is illiterate; 4) a written statement describing the reasons for the disciplinary action; and 5) a disciplinary decision supported by "some evidence" in the record. *Id.* at 563, 566, 570; *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985).

Judicial review of a prison disciplinary decision is limited to whether there is a denial of procedural due process or evidence of an arbitrary and capricious action. *Hill*, 472 U.S. at 455; *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). A court must defer to a prison official's judgment and cannot substitute its view of the facts presented in a prison disciplinary hearing. *See Hill*, 472 U.S. at 455 (the "some evidence" standard does not allow "examination of the

entire record, independent assessment of the credibility of witnesses, or weighing of the evidence").

Here, it is undisputed that petitioner received written notices of the charges, the opportunity to present evidence, and written findings that explained the reasons for the DHO's decision. Cortez Decl. & Att. 1. Petitioner was also afforded the right to a staff representative, who advocated on his behalf and asked DHO Cortez to review additional evidence.

Petitioner nonetheless argues that the hearing violated his due process rights, because he and Toombs had only five minutes to confer before the disciplinary hearing, and neither he nor Toombs was allowed to review the additional testing evidence submitted by Prock after the hearing. However, petitioner did not ask for a representative until the day of his disciplinary hearing, and he did not request additional time to confer with Toombs. Cortez Decl. ¶¶ 4-5 & Att. 1 at 10. In these circumstances, the short time for conferral did not violate petitioner's rights. Further, even though petitioner and Toombs did not have the opportunity to review the second test results of an identical pen, the evidence was obtained to determine whether the initial testing could have resulted in a false positive. The evidence against petitioner remained the discovery of the pen and the initial testing, and petitioner had notice of this evidence.

Petitioner also argues that the evidence did not support the DHO's decision and DHO Cortez exhibited bias by reviewing additional evidence. As noted above, judicial review of a prison disciplinary decision is limited; this Court cannot overturn the disciplinary decision of prison officials so long as the decision is supported by "some evidence." *Hill*, 472 U.S. at 455-56; *Cato*, 824 F.2d at 705. Here, the record includes sufficient evidence to support the DHO's findings, including the reports of Blasch and Prock, the positive NIK tests, and the physical evidence. *See generally* Cortez Decl. & Att. 1 at 3, 5, 7.

Finally, petitioner notes that his cellmate, who was charged with the same violation, obtained remand of his disciplinary proceedings on appeal and admitted that the pen was his and not petitioner's. However, remand of the cellmate's case was based on "questions concerning the disciplinary process" because only one test, the NIK test K, was conducted. Pet. at 14 (ECF No. 1); Pet'r Reply at 39 (ECF No. 16). In petitioner's case, two tests were conducted, along with additional testing of an identical pen. Regardless of the cellmate's admission during his appeal, sufficient evidence supported the DHO's findings in petitioner's case.

Accordingly, the requirements of due process were met, and petitioner is not entitled to habeas relief.

CONCLUSION

The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED and this case is DISMISSED.

DATED this _12th_ day of February, 2020.

_Ann Aiken_

Ann Aiken
United States District Judge
